IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**SGS-92-X003**

    **Plaintiff**

**vs.**                                             **No. 97-579 C**
                                                                              **Judge Williams**

**THE UNITED STATES OF AMERICA**

    **Defendant**

**PLAINTIFF, SGS-92-X003'S MOTION FOR COSTS
UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

**I**       **Statement of the Nature of the Matter**

This is an application by Plaintiff, SGS-92-X003, for costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) and 28 U.S.C. § 2412(d)(1)(B).

**II**      **Statement of the Facts**

The Plaintiff, SGS-92-X003, brought this claim for compensatory damages for breach of contract against the United States Government. The liability case was tried by this Court on the issue of liability only on: June 11; 12; 13; 14; 18; 19, and 20, 2007. The Plaintiff claimed that she was entitled to compensation for promises made in regard to her services as a Confidential Informant for the Drug Enforcement Administration (DEA). It was alleged by the Plaintiff that she was not paid a commission of 25% of all property and funds received, as well as certain percentages of laundered money. The Plaintiff further alleged that DEA failed to protect her while working as an undercover Confidential Informant and that this failure to protect her directly resulted in her being kidnapped in Columbia while working undercover for the DEA.

1

In regard to the first claim presented by the Plaintiff, the Court held that Plaintiff established an implied-in-fact contract with DEA but not for a set commission. Accordingly, the Court entered judgment for the Defendant on this element of liability.

This Court in its Opinion and Order found that "[t]he landscape is different however with respect to Plaintiff's claim that DEA failed to protect her in the line of duty." The Court determined in contradiction to its own policies that the DEA sent the Plaintiff to Columbia ultimately leading to her kidnapping. The DEA sent the Plaintiff into harm's way in the course of performing the implied-in fact contract. Further, from this Court's Opinion and Order page 20, the Court took specific note of ASAC Salvemini's memorandum to SAC Paul Higdon wherein Salvemini was concerned that the Princess's confidentiality would be compromised and that his testimony was that should the Princess's identity be discovered "her life and her family's lives [would] be in real and immediate danger." On page 30 of the aforesaid Opinion and Order this Court further noted Administrator Constantine's testimony:

> "with regard to the protocol that should have been followed when sending an informant to Columbia… key individuals at DEA headquarters in Washington should have been notified before the informant travelled to such a volatile area. Administrator Constantine's primary concern following the kidnapping was not whether the Princess was owed money, but "that the individual had been placed in harm's way without proper authorization from DEA supervisors at the appropriate levels". Citations omitted.

Further, on page 46 of the aforesaid Opinion and Order this Court stated

> "Here, under the parties' implied-in-fact contract whereby the Princess served as a confidential informant, the Government owed the Princess a duty to refrain from taking any action that would either disrupt her ability to effectively

> perform as a confidential informant or that might render the
> value of her performance worthless… In practical terms,
> this meant DEA was obligated to follow it s own
> established protocol for sending the Princess overseas –
> minimal notification to ensure her continued viability as a
> confidential informant…." (citations omitted)

Finding that the Defendant did not in fact follow its own established policies and procedures, the Court entered judgment in favor of the Plaintiff. A trial on damages was scheduled for April 5 through 9, 2010 in West Palm Beach, Florida. Following testimony from law enforcement and medical experts presented by the Plaintiff and testimony presented by the defendant, on August 30, 2014, this Court entered judgment in favor of the Plaintiff.

**III    Argument**

**A.    Plaintiff is a Prevailing Party**

Plaintiff is a prevailing party by virtue of the fact that on August 30, 2014, this Court ruled in favor of the Plaintiff.

**B.    Plaintiff is an Eligible Party**

Plaintiff is an eligible party because her net worth was less than $2,000,000.00 when the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). Plaintiff avers that her net worth was less than two million dollars when the civil action was filed.

**C.    The Government's Position Was Not Substantially Justified**

Plaintiff is entitled to costs under the EAJA if the Government's position was not substantially justified. Plaintiff alleges that the Government's position was not substantially justified. Because the Government has the burden of persuasion to show that their position was substantially justified, Plaintiff will fully brief in a reply brief any argument the Government offers

3

regarding the issue of substantial justification. Further, not addressing the issue of substantial justification will not minimize costs if the Government does not argue its position was substantially justified.

### D. Plaintiff Requests the Following Costs

**Medical Experts**:

| | |
|---|---|
| Jeffrey Horstmyer, M.D. | $7,100.00 |
| Sharon Reavis | $14,819.28 |

**Legal Research**:

| | |
|---|---|
| Walter Fleischer, Esq. | $11,686.00 |
| John Crisp, Esq. | $28,135.00 |

**Law Enforcement Expert**:

| | |
|---|---|
| Michael Levine | $136,090.00 |

**Court Reporting**:

| | |
|---|---|
| Capitol Reporting | $2,565.05 |
| Misty Klapper & Assoc. | $473.50 |
| Carol Thomas Court Reporting | $2,687.20 |

**Process Server**:

| | |
|---|---|
| Sterling Process Service | $270.00 |
| **Witness Fees**: | $1,133.22 |
| **Total** | **$205,958.97** |

**IV.     Conclusion**

Plaintiff request that the Court find that she meets the statutory requirements for an award of costs under the EAJA and that the Government's position was not substantially justified, and award $205,958.97 in costs under 28 U.S.C. § 2412(d)(1)(A) and 28 U.S.C. § 2412(d)(1)(B).

Respectfully submitted,

/s/Michael L. Avery, Sr.
#447083
6400 Arlington Boulevard, Suite 634
Falls Church, Virginia 22042
mavery@michaelaverylaw.com
703-462-5050 Fax 703-462-5053
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of September, 2014, a copy of the foregoing application for costs under the Equal Access to Justice Act (EAJA) was eserved upon:

J. Reid Prouty, Esquire
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20005

/s/Michael L. Avery, Sr.